UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHEROKEE FUNDING, LLC,

    Plaintiff,

v.                                            Case No. 6:17-cv-2017-Orl-37KRS

RIKI IVERSON; INTERVENTIONAL
ASSOCIATES, LLC; INTEGRATIVE
PHYSICAL MEDICINE, INC.,

    Defendants.

## ORDER

Plaintiff initiated this breach of contract and tort action on November 21, 2017 on the basis of diversity jurisdiction. (Doc. 1 ("**Initial Complaint**").) Thereafter, U.S. Magistrate Judge Karla S. Spaulding issued an order to show cause because the Initial Complaint did not adequately establish the Court's subject matter jurisdiction over the matter. (Doc. 5.) In response, Plaintiff filed an amended complaint purporting to correct these errors. (Doc. 9 ("**Amended Complaint**").) But the Court's *sua sponte* review of the Amended Complaint reveals additional flaws.

In the Amended Complaint, Plaintiff alleges Defendants' citizenship "on information and belief." (*Id.* ¶¶ 5–7.) But courts have held that allegations concerning a party's citizenship based only "on information and belief" are insufficient. *See Walsh Chiropractic, Ltd. v. StrataCare, Inc.*, 752 F. Supp. 2d 896, 901 (7th Cir. 2010). Indeed, when alleging citizenship, Federal Rule of Civil Procedure 11 imposes a "duty of reasonable

precomplaint inquiry not satisfied by rumor or hunch." *See Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992); *see also Comprehensive Care Corp. v. Katzman*, No. 8:09-cv-1375-T-24-TBM, 2010 WL 2293248, at *3 (M.D. Fla. June 7, 2010). Even a cursory search of case law reveals the Undersigned's view of this manner of pleading. *See Matos-Cruz v. JetBlue Airways Corp.*, No. 6:17-cv-380-Orl-37TBS, 2017 WL 3268956 (M.D. Fla. Aug. 1, 2017). Thus, like its predecessor, the Amended Complaint fails to properly allege Defendant's citizenship. Notwithstanding Plaintiff's repeated jurisdictional errors, the Court will give Plaintiff one additional opportunity to properly allege the Court's subject matter jurisdiction.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Amended Complaint (Doc. 9) is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

2. On or before, Friday, **December 22, 2017**, Plaintiff may file a second amended complaint, which addresses the deficiencies identified in this Order. Failure to replead by this deadline may result in closure of this action without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 11, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record